OPINION
This is an appeal from an order denying a motion to terminate spousal support on account of cohabitation.
Nguyen T. Hulcher and Joseph M. Hulcher were divorced in 1996. The decree of divorce incorporated a separation agreement that the parties had executed. The agreement provided, at Item VI, that Joseph[1] would pay spousal support to Nguyen in the amount of $876 per month for a term of eight years. The provision further states: "This order shall be modified only upon either party's death, or the remarriage of the Wife or cohabitation of the wife with a member of the opposite sex and not a relative to (sic) the wife(,) according to then existing case law and is subject to the continuing jurisdiction of the court."
On March 17, 1999, Joseph filed a motion to terminate spousal support, alleging that Nguyen was cohabiting. Nguyen filed a motion alleging that Joseph was in contempt of the court's spousal support order for failure to pay. Prior to a hearing on the motions, the court signed an entry to which the parties had agreed. The agreed entry states:
 1. There will no finding of contempt against the Defendant Joseph M. Hulcher.
 2. There will be no finding of arrearage in spousal support.
 3. The parties acknowledge that the Court will rule on Defendant's Motion for cessation of spousal support as well as on Defendant's request that the Court order that spousal support be taken entirely from the employer of the Defendant and not from the Defendant's retirement account.
 4. Unaffected by this action or this agreement is this Court's order that Plaintiff receive one-half of Defendant's retirement account as an asset distribution.
Evidence on Joseph's motion to terminate spousal support was heard by a magistrate on September 21, 1999. Nguyen testified that for the past year and one half she had been living with a man named Paul Giona, whom she called her boyfriend/roommate," adding: ". . . I pay half the rent. If . . . I don't have the money to buy, rent, then I can work for him to take it off." (T. 6). Nguyen explained that the work she performs is at a company that Giona owns. (T. 16).
Nguyen also testified that Giona "saw me financially not stable and I need help." (T. 8). She stated that she is otherwise employed at Meijer's and earns between six hundred and seven hundred dollars each month. (T. 10). However, her rent, car payment, insurance and other expenses appear to exceed her income and the spousal support that Joseph pays.
The magistrate prepared a decision that the court adopted pursuant to Civ.R.53(E)(4)(c), and which it entered on August 20, 1999. The order denied Joseph's motion to terminate support, stating:
 The court finds that defendant's motion to terminate spousal support is not well taken. The court (sic) has failed to demonstrate that a substantial change in circumstances occurred since the last order of spousal support in this matter. Furthermore, the court has no information as it pertains to the defendant's income. As a result the court finds defendant's motion is not well taken and is hereby dismissed.
Joseph filed a timely notice of appeal. He presents two assignments of error, which state:
FIRST ASSIGNMENT OF ERROR
 WHERE A DIVORCE DECREE SPECIFICALLY STATES THAT SPOUSAL SUPPORT SHALL CEASE UPON COHABITATION AND WHERE COHABITATION HAS BEEN DEMONSTRATED AND FOUND TO HAVE BEEN MODIFIED, IT IS ERROR FOR THE COURT TO OVERRULE A MOTION FOR CESSATION OF SPOUSAL SUPPORT WITHOUT MAKING ANY FINDING REGARDING COHABITATION WHILE RESTRICTING ITS FINDINGS TO FACTORS WHICH MIGHT BE RELEVANT TO A NEEDS TEST.
 SECOND ASSIGNMENT OF ERROR
 WHEN APPLYING THE NEEDS TEST TO A MOTION FOR CESSATION OF SPOUSAL SUPPORT, IT IS ERROR FOR THE COURT TO OVERRULED THE MOTION FOR CESSATION OF SPOUSAL SUPPORT BASED UPON THE FAILURE OF THE MOVANT TO PROVIDE INFORMATION REGARDING HIS INCOME.
Joseph filed a notice of appeal directly from the magistrate's order after the court had adopted and entered it. Civ.R. 53(E)(4)(c) authorizes a court to adopt a magistrate's decision upon submission, but permits a party to file subsequent objections and stays any relief that the magistrate granted "until the court vacates, modifies, or adheres to the judgment previously entered." Joseph filed no objections.
Civ.R. 53(E)(3)(b) prohibits a party from "assign[ing] as error on appeal the court's adoption of any finding of fact or conclusion of law (in the magistrate's decision) unless the party has objected to that finding or conclusion under this rule." The bar applies to both decisions entered pursuant to Civ.R. 53(E)(1) and not yet adopted by the court and to those which the court has adopted and entered per Civ.R.53(E)(4)(b). In either event, objections must be filed within fourteen days thereafter.
The bar that Civ.R.53 imposes for error that has not been brought to the trial court's attention by way of timely objections is not jurisdictional: it applies to the party who takes the appeal, not to the court. Nevertheless, absent civil plain error, the appellate court should affirm a trial court's final judgment or order adopting a magistrate's decision when an alleged error in the judgment or order is predicated on a finding of fact or conclusion of law in the magistrate's decision. State ex rel.Booher v. Honda of America Mfg. Co., Inc. (2000), 88 Ohio St.3d 52
. Civil plain error is error which, though not objected to, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the judicial process itself. Goldfuss v. Davidson
(1997), 79 Ohio St.3d 116.
On the record before us, we cannot find that the error which Joseph has assigned rises to the level of civil plain error. Therefore, the assignments of error are overruled, and the judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.
[1] For purposes of clarity and convenience, the parties are identified by their first names.